820 F.2d 1354
 55 USLW 2640, 14 Media L. Rep. 1029
 In the Matter of Application to Adjudge the PROVIDENCE
JOURNAL COMPANY and its Executive Director,
Charles M. Hauser, in Criminal Contempt.
Appeal of PROVIDENCE JOURNAL COMPANY and Charles Hauser.
 No. 86-1336.
 United States Court of Appeals,
First Circuit.
 Submitted Feb. 13, 1987.
Decided May 12, 1987.
 
 Before CAMPBELL, Chief Judge, COFFIN, BOWNES, BREYER, TORRUELLA and SELYA, Circuit Judges.
 
 ORDER
 
 1
 We hereby grant petitioner's suggestion for rehearing en banc. We do not, however, vacate the panel's opinion and order dated December 31, 1986, 820 F.2d 1342. Rather, we issue the attached en banc opinion as an addendum to, and modification of, said panel opinion; and as so modified said panel opinion and order may stand as reflecting the opinion of the en banc court.
 
 
 2
 Judge Selya does not concur in the above order and attached en banc opinion. Rather, he believes the court should hold a hearing and decide the case anew after full briefing and argument.
 
 OPINION ON REHEARING
 
 3
 PER CURIAM.
 
 
 4
 In reflecting en banc upon the conflicting principles of "collateral bar" and "no prior restraint against pure speech," the court recognizes, with the panel, the difficulties of imposing upon a publisher the requirement of pursuing the normal appeal process. Not only would such entail time and expense, but the right sought to be vindicated could be forfeited or the value of the embargoed information considerably cheapened. Nevertheless, it seems to us that some finer tuning is available to minimize the disharmony between respect for court orders and respect for free speech.
 
 
 5
 It is not asking much, beyond some additional expense and time, to require a publisher, even when it thinks it is the subject of a transparently unconstitutional order of prior restraint, to make a good faith effort to seek emergency relief from the appellate court. If timely access to the appellate court is not available or if timely decision is not forthcoming, the publisher may then proceed to publish and challenge the constitutionality of the order in the contempt proceedings.[1] In such event whatever added expense and time are involved, such a price does not seem disproportionate to the respect owing court processes; and there is no prolongation of any prior restraint. On the other hand, should the appellate court grant the requested relief, the conflict between principles has been resolved and the expense and time involved have vastly been offset by aborting any contempt proceedings.
 
 
 6
 We realize that our ruling means that a publisher seeking to challenge an order it deems transparently unconstitutional must concern itself with establishing a record of its good faith effort. But that is a price we should pay for the preference of court over party determination of invalidity. In the instant case, assertions have been made that some eight-and-one-half hours elapsed between the issuance of the order by the district court and the deadline for publication. Not only are we left without a clear conviction that timely emergency relief was available within the restraints governing the publisher's decision making, but we would deem it unfair to subject the publisher to the very substantial sanctions imposed by the district court because of its failure to follow the procedure we have just announced. We recognize that our announcement is technically dictum, but are confident that its stature as a deliberate position taken by us in this en banc consideration will serve its purpose.
 
 
 
 [1]
 See Goodale, The Press Ungagged: The Practical Effect on Gag Order Litigation of Nebraska Press Association v. Stuart, 29 Stan.L.Rev. 497, 509-10 (1977) (arguing that Walker v. City of Birmingham "may require no more than an attempt to appeal a void restraining order up to the time the constitutionally protected action is planned to take place.")