**CRUCIANS IN FOCUS, INC., DEMMANSAY.COM, THE ECONOMIC DEVELOPMENT AUTHORITY, THE ECONOMIC DEVELOPMENT COMMISSION, THE GOVERNMENT OF THE VIRGIN ISLANDS, ABC, INC., JOHN DOE 1, JOHN DOE 2, JANE DOE 1, and JANE DOE 2, Appellants/Defendants**

**v.**

**VI 4D, LLLP, Appellee/Plaintiff**

S. Ct. Civil No. 2012-0093

Supreme Court of the Virgin Islands

October 15, 2012

529

VINCENT A. COLIANNI II, ESQ., Colianni Colianni & Alvis, LLC, St. Croix, USVI, *Attorney for Appellant Crucians In Focus, Inc.*

CHRISTOPHER A. KROBLIN, ESQ., Kellerhals Ferguson Fletcher Kroblin, LLP, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 15, 2012)

PER CURIAM. This matter is currently before the Court pursuant to the parties' responses to this Court's September 27, 2012 Order, which required them to brief the issue of whether this Court should summarily reverse or vacate several orders issued by the Superior Court in the underlying matter. For the reasons that follow, we vacate all of the Superior Court's temporary restraining orders ("TROs") and reverse its decision to hold Crucians In Focus, Inc., in civil contempt.

## I. FACTUAL BACKGROUND

On July 6, 2012, Crucians In Focus published a link to a copy of an application for benefits from the Economic Development Commission ("EDC") filed by VI 4D, LLLP, on its website, *cruciansinfocus.com.* Crucians In Focus accompanied the link with commentary, titled "Your EDC Dollars At Work?", which highlighted a portion of the EDC application that identified JaminDoodle Productions, LLC, as the sole general partner of VI 4D, and disclosed that 49 percent of JaminDoodle is owned by the PBB Blind Trust, of which Pamela B. Berkowsky — the then-Chief of Staff of the Governor of the Virgin Islands — was the sole settlor. The EDC application also identified Adam M. Shapiro — whom the Crucians In Focus commentary identified as Berkowsky's husband — as one of the managers of VI 4D and the sole manager of JaminDoodle.

On July 12, 2012, VI 4D filed an *ex parte* application for a TRO with the Superior Court, requesting, among other things, that Crucians In Focus be ordered to remove the link to the copy of its application for EDC benefits from its website, on the grounds that the application contained confidential trade secrets and that the document was illegally released by an EDC employee. The Superior Court issued the TRO on July 13, 2012, and premised its decision solely on (1) its application of the traditional four factor test[1] that governs requests for a TRO pursuant to Federal Rule of Civil Procedure 65(b)(1)(A), *see* SUPER. CT. R. 7, and (2) section 881(h) of title 3 of the Virgin Islands Code, which relates to injunctions restraining examination of specific public records.[2] After concluding that it would issue the TRO, the Superior Court stated that "[n]otwithstanding today's ruling, the Court will require VI 4D to file a memorandum of law further supporting its position that the issuance of this temporary restraining order does not represent a prior restraint under the first amendment." Although the Superior Court ordered supplemental briefing and recognized, in a single sentence in its analysis of the third Rule 65(b)(1)(A) factor, that Crucians In Focus "may have [its] right to free speech abridged if the temporary restraining order is granted," the July 13, 2012 TRO contained no First Amendment analysis of any kind.

---

[1] In its decision, the Superior Court, relying on *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985), stated that VI 4D must establish (1) a reasonable likelihood of eventual success on the merits of its claims, (2) irreparable harm absent the TRO, (3) harm from the denial of the TRO that would outweigh any harm to the defendants if relief is granted, and (4) that granting the relief would not adversely affect the public interest. *See also Winter v. NRDC*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982).

[2] Since Crucians In Focus had already obtained a copy of VI 4D's application, it is not clear how section 881(h) is applicable to this matter, given that the provision relates to injunctions prohibiting the government from allowing a member of the public or the news media from viewing or copying a specific public record in the government's possession. Additionally, it is not clear from the Superior Court's decision whether the *cruciansinfocus.com* website itself contained the EDC application, or if it merely linked to a copy posted on *demmansay.com* — *a potentially significant distinction if Crucians In Focus and DemManSay are unrelated entities. See* 47 U.S.C. § 230; *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 1997) (holding 47 U.S.C. § 230 immunizes third parties from liability for state law intellectual property claims). However, because Crucians In Focus has not raised any of these issues, we decline to address, as part of this appeal, whether the Superior Court correctly applied these statutes to VI 4D's TRO application.

While the Superior Court scheduled a preliminary injunction hearing for July 23, 2012, the matter was continued because Crucians In Focus failed to appear. On July 26, 2012, the Superior Court held a show cause hearing on a motion by VI 4D to hold Crucians In Focus in contempt for failing to comply with the TRO. In an August 6, 2012 Opinion, the Superior Court found Crucians In Focus in civil contempt from July 19, 2012 through July 25, 2012, and fined it $1,000.00 for each day it violated the TRO. Although the Superior Court held a preliminary injunction hearing on the same day, it reserved decision, and to date has not issued a ruling. Likewise, the Superior Court has not ruled on an August 22, 2012 motion filed by Crucians In Focus, which requested that the Superior Court vacate the TRO as an impermissible prior restraint in violation of the First Amendment, as well as dismiss VI 4D's complaint for failure to state a claim. Nevertheless, the Superior Court continued to issue orders extending the initial *ex parte* TRO, none of which performed any First Amendment analysis.

Crucians In Focus filed a notice of appeal on September 5, 2012,[3] which appealed from the August 6, 2012 Opinion holding it in civil contempt, as well as an August 17, 2012 Order that extended the TRO through September 3, 2012. This Court, in a September 12, 2012 Order, questioned its jurisdiction over the appeal since it appeared that the TRO had expired without renewal. However, this Court subsequently discovered that the Superior Court extended the TRO in an order signed on September 4, 2012 — but not entered onto the docket by the Clerk of the Superior Court until September 6, 2012 — and then extended the TRO yet again in orders entered on September 17, 2012 and September 25, 2012. Based on this information, this Court concluded that it likely possessed jurisdiction over this appeal, and issued a September 27, 2012 Order requiring the parties to submit briefs addressing whether this Court should take summary action without full briefing by the parties because

---

[3] Pursuant to Supreme Court Rule 4, "[a]n appeal permitted by law as of right from the Superior Court to the Supreme Court shall be taken by conventionally or electronically filing a notice of appeal with the Clerk of the Supreme Court in accordance with Rule 40, within the time allowed by Rule 5." V.I.S.Ct.R. 4(a). Since Appellant is represented by counsel, Supreme Court Rule 40.2(a)(1) required that the notice of appeal be electronically filed with the Supreme Court. Crucians In Focus, however, conventionally filed its notice of appeal with the Superior Court, and this Court only became aware of the appeal when its counsel ultimately filed the document with this Court on September 11, 2012.

 

the appeal presents no substantial question. *See* V.I.S.CT. I.O.P. 9.4. In the days since briefing concluded, the Superior Court extended the *ex parte* TRO two more times, in orders entered on October 10 and October 11, 2012.

## II. JURISDICTION

 Prior to considering the merits of an appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't*, 50 V.I. 276, 279 (V.I. 2008). "The Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). "Section 32 embodies the final judgment rule, which generally requires a party 'to raise all claims of error in a single appeal following final judgment on the merits.' " *Bryant v. People*, 53 V.I. 395, 400 (V.I. 2010) (quoting *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 315 (V.I. 2007)).

██ ██ While this Court has held that a non-party to the underlying litigation may immediately appeal a civil contempt order without waiting until entry of a final judgment, *see In re Rogers*, 56 V.I. 325, 334 (V.I. 2012), it is well established that a party who is held in civil contempt may not take an immediate appeal unless the civil contempt order was issued in connection with another order that is immediately appealable, such as a preliminary injunction. *See In re Najawicz*, 52 V.I. 311, 326 (V.I. 2009). Thus, since Crucians In Focus is a defendant in the Superior Court proceedings, this Court only possesses jurisdiction to review the civil contempt adjudication if it also has jurisdiction to review the TROs. In *Najawicz*, this Court explained under what circumstances a party may appeal a TRO:

> As a general rule, temporary restraining orders are not appealable interlocutory orders. However, temporary restraining orders that are continued, without the consent of the parties, for a substantial length of time past the period typically permitted by statute or court rule become, in effect, appealable preliminary injunctions. Here, although 14 V.I.C. § 606(h) states that a temporary restraining order shall expire within sixty days absent an extension for good cause, the Superior Court has extended the August 5, 2008 TRO beyond the typical sixty day period. Accordingly, the TRO has effectively become an appealable preliminary injunction.

*Id.* at 325 (quoting *In re Miller*, S. Ct. Civ. No. 2008-0080, 2008 V.I. Supreme LEXIS 47, at *3, n.1 (V.I. Nov. 17, 2008) (unpublished)).

■ In this case, the Superior Court issued the original TRO pursuant to Federal Rule of Civil Procedure 65(b), which provides that a TRO obtained on an *ex parte* basis expires after 14 days. FED. R. CIV. P. 65(b)(2). While VI 4D correctly notes that Rule 65(b)(2) authorizes a trial judge to extend the TRO beyond the traditional 14 day period "for good cause," our *Najawicz* decision, as well as the decisions of federal appellate courts interpreting Rule 65, unquestionably hold that a TRO that has been in place for three months without the consent of the parties is no longer "temporary," but has transformed into an appealable preliminary injunction. *See Najawicz*, 52 V.I. at 325; *Sampson v. Murray*, 415 U.S. 61, 86-88, n.58, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974) (extended restraining order "must be treated as a preliminary injunction" and is appealable because it has "the same practical effect as the issuance of a preliminary injunction."); *SEC v. Black*, 163 F.3d 188, 194 (3d Cir. 1998) (extended restraining order "had effectively matured into a preliminary injunction"). *See also Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 943 (7th Cir. 2006) (treating TRO as preliminary injunction because 20 days had elapsed since its issuance); *In re Crawford*, 329 F.3d 131, 136 (2d Cir. 2003) (noting that TRO extended beyond the time limit of Rule 65(b) is treated as preliminary injunction); *Nordin v. Nutri/Sys., Inc.*, 897 F.2d 339, 343 (8th Cir. 1990) (treating TRO as preliminary injunction because it exceeded Rule 65(b)'s time limit). Accordingly, this Court has jurisdiction to review the July 13, 2012 TRO and its subsequent extensions, and it also possesses jurisdiction over the August 6, 2012 Opinion holding Crucians In Focus in civil contempt for violating the July 13, 2012 TRO. *Najawicz*, 52 V.I. at 326.

### III. DISCUSSION

■ In our September 27, 2012 Order, this Court advised the parties that the instant appeal may qualify for summary disposition without full briefing and argument because the Superior Court appeared to act contrary to binding precedent from the United States Supreme Court when it granted the *ex parte* TRO. While prior restraints are not per se unconstitutional, the United States Supreme Court has not, in modern times, upheld a prior restraint on published speech, and in fact has held that a newspaper cannot be restrained from publishing, during wartime,

top secret government documents that were obtained illegally where the government fails to meet the "heavy burden of showing justification for the imposition of such a restraint." *See New York Times Co. v. United States*, 403 U.S. 713, 714, 91 S. Ct. 2140, 29 L. Ed. 2d 822 (1971). Moreover, the party that wishes to censor speech bears the heavy burden of proving that the expression must be suppressed. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225-27, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). Significantly, this Court noted that the Superior Court itself recognized, in its initial July 13, 2012 Order, that VI 4D's application implicated the First Amendment and required further briefing, yet nevertheless issued an *ex parte* TRO and extended it for over three months without ever performing any First Amendment analysis.

 After reviewing the parties' responses, we agree that the Superior Court committed a fundamental error when it issued the *ex parte* TRO. While VI 4D argues that the prior restraint doctrine does not prohibit a court from restraining, prior to final judgment, the dissemination of trade secrets, the very authorities VI 4D relies upon support the fact that such restraining orders and injunctions fall within the purview of the First Amendment. For instance, in *DVD Copy Control Ass'n Inc. v. Bunner*, 31 Cal. 4th 864, 4 Cal. Rptr. 3d 69, 79-80, 75 P.3d 1 (2003) — the main authority for VI 4D's claim that the prior restraint doctrine is inapplicable — the Supreme Court of California made the following finding:

> [T]he narrow question before us is whether the preliminary injunction violates Bunner's right to free speech under the United States and California Constitutions even though DVD CCA is likely to prevail on its trade secret claim against Bunner. . . . In answering this question, we must first determine whether restrictions on the dissemination of computer codes . . . are subject to scrutiny under the First Amendment. We conclude they are.

The California Supreme Court then acknowledged that United States Supreme Court precedent provides for different levels of scrutiny and, rather than applying a prior restraint analysis, applied the lower level of scrutiny set forth in *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 114 S. Ct. 2516, 129 L. Ed. 2d 593 (1994). In *Madsen*, the United States Supreme Court held that, even if a content-neutral injunction does not constitute a prior restraint, a court must nevertheless apply a standard somewhere between strict scrutiny and intermediate scrutiny:

536

[W]hen evaluating a content-neutral injunction, we think that our standard time, place, and manner analysis is not sufficiently rigorous. We must ask instead whether the challenged provisions of the injunction burden no more speech than necessary to serve a significant government interest.

*Id.* at 765. In other words, even if the prior restraint doctrine is not implicated, an injunction that restricts speech must employ "the narrowest terms that will accomplish the pin-pointed objective." *Id.* at 767 (quoting *Carroll v. President & Comm'rs of Town of Princess Anne*, 393 U.S. 175, 183, 89 S. Ct. 347, 21 L. Ed. 2d 325 (1968)).

We emphasize that a split in authority exists as to whether the prior restraint doctrine outlined in *New York Times Co.* and its progeny, or the *Madsen* test, is applicable to the alleged disclosure of trade secrets. As Crucians In Focus notes in its brief, the United States Court of Appeals for the Sixth Circuit reached a result opposite to that adopted by the California Supreme Court, holding that an order precluding a magazine from publishing documents, containing a business's trade secrets that had been filed under seal in litigation but obtained from a confidential source, constituted an impermissible prior restraint on speech. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 224-25 (6th Cir. 1996). Additionally, the fact that Crucians In Focus accompanied the link to the EDC application with political commentary could potentially render the instant situation sufficiently distinct from *Bunner* to warrant a higher level of scrutiny.

Yet we do not need to resolve this question as part of this appeal, for the Superior Court committed error regardless of which test applies. If Crucians In Focus is correct that the prior restraint doctrine is applicable, the Superior Court should not have granted the TRO without performing a prior restraint analysis. However, if VI 4D is correct that the prior restraint doctrine is inapplicable, the Superior Court still erred by failing to apply the *Madsen* test.[4] And to the extent the Superior Court was uncertain as to which test should apply — which may very well be the

---

[4] For example, if it believed the *Madsen* test applied rather than the prior restraint doctrine, the Superior Court should have considered in its July 13, 2012 Order whether a narrower form of preliminary relief would have accomplished the pin-pointed objective. The Superior Court, for instance, failed to explain why, rather than restraining Crucians In Focus's ability

case since it ordered that VI 4D file a supplemental brief on the prior restraint issue, and has not issued a decision on the matter for more than three months — it should not have issued the TRO while the First Amendment question remained unresolved, given that the freedoms of speech and the press are fundamental rights and VI 4D bore the burden of proving that the TRO did not infringe on Crucians In Focus's First Amendment rights. In other words, under no circumstances should the Superior Court have altered the status quo by issuing an *ex parte* TRO without performing any First Amendment analysis. Consequently, we vacate the July 13, 2012 TRO, as well as all subsequent orders extending that TRO, and direct the Superior Court to not issue a TRO or injunction until and unless it explicitly addresses the unresolved First Amendment issues.[5]

 Since we vacate the July 13, 2012 TRO, we likewise reverse the August 6, 2012 Opinion holding Crucians In Focus in civil contempt. *See In re Drue*, 57 V.I. ___, ___ (V.I. 2012). While a party must ordinarily abide by an order, even if he or she believes it is contrary to law, numerous courts have held that a party should not be held in contempt for violating an order that violates the First Amendment. *See, e.g., Matter of Providence Journal Co.*, 820 F.2d 1342, 1353, *modified on other grounds*, 820 F.2d 1354 (1st Cir. 1987) (holding publisher may not be held in contempt for violating transparently unconstitutional order restraining its speech); *Phoenix Newspapers, Inc. v. Superior Court*, 101 Ariz. 257, 418 P.2d 594, 596-97 (1966) (order infringing on First Amendment rights is void and cannot be the basis for contempt penalty). As in *Drue* — which involved a failure to comply with an order entered in violation of the Sixth Amendment — the July 13, 2012 TRO was not simply erroneous, but contrary to the United States Constitution and amendments thereto.[6] Therefore, since it would be perverse to sustain the civil

---

to post any part of the EDC application, it could not simply require that Crucians In Focus redact the specific parts of the EDC application that actually divulged trade secrets.

[5] Given our decision to vacate the TRO and its subsequent extensions on this basis, we decline to address, as part of this appeal, Crucians In Focus's claim that the Superior Court cannot issue a TRO when the sole claim in VI 4D's complaint is a request for a permanent injunction.

[6] The First Amendment applies in the courts of the U.S. Virgin Islands to the same extent as it does in state and federal courts through section 3 of the Revised Organic Act of 1954, the organizing document of this Territory. *Gov't of the V.I. v. Brodhurst*, 6 V.I. 509, 518, 285 F.

contempt sanction while simultaneously holding that the Superior Court issued the July 13, 2012 TRO in violation of the First Amendment, we reverse the August 6, 2012 Opinion.

## IV. CONCLUSION

For the foregoing reasons, this appeal presents no substantial question, since the Superior Court violated binding precedent from the United States Supreme Court when it issued, and repeatedly extended, the *ex parte* TRO without performing any First Amendment analysis. Accordingly, we vacate the July 13, 2012 TRO and all subsequent extensions, and reverse the August 6, 2012 Opinion holding Crucians In Focus in civil contempt.

---

Supp. 831 (D.V.I. 1968); *People v. Brodhurst*, 148 F.2d 636, 643, 2 V.I. 448 (3d Cir. 1945). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (2006), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2012) (preceding V.I. CODE ANN. tit. 1).