**JOHN CANEGATA, IN HIS CAPACITY AS STATE CHAIRMAN OF THE REPUBLICAN PARTY OF THE UNITED STATES VIRGIN ISLANDS; AND ROBERT MAX SCHANFARBER, IN HIS CAPACITY AS SECRETARY OF THE REPUBLICAN PARTY OF THE UNITED STATES VIRGIN ISLANDS, BOTH ACTING ON BEHALF OF THE REPUBLICAN PARTY OF THE UNITED STATES VIRGIN ISLANDS, PLAINTIFFS**

**v.**

**HERBERT SCHOENBAUM;[1] HOLLAND REDFIELD; JAMES OLIVER; FRED VIALET, JR.; LEIGH F. GOLDMAN; AND WARREN B. COLE, DEFENDANTS**

SX-16-CV-324

Superior Court of the Virgin Islands

Division of St. Croix

May 27, 2016

---

[1] The Court believes this was a typographical error and instead, it should read "Herbert Schoenbohm." *See* Motion, Exhibit B, a copy of the "Call to Territorial Convention Republican Party of the U.S. Virgin Islands," dated May 12, 2016.

DONOVAN M. HAMM, JR., ESQ., MARK W. ECKARD, ESQ., Hamm Eckard, LLP, Christiansted, USVI, *Attorneys for Plaintiffs*.

WARREN B. COLE, ESQ., Hunter & Cole, Christiansted, USVI, *Attorney for Defendant Warren B. Cole*.

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(May 27, 2016)

**THIS MATTER** is before the Court on Plaintiffs' Motion for a Temporary Restraining Order, filed on May 18, 2016 (hereinafter, "Motion"). Defendants did not file an opposition.

## BACKGROUND[2]

On May 6, 2016, the Territorial Committee of the Republican Party of the U.S. Virgin Islands (hereinafter, "Territorial Committee") held a special meeting, whereby they voted to hold the territorial convention on June 11, 2016, adopted the Rules for the Selection of Nominees and Party Officerholders at the 2016 Republican Territorial Convention as the governing rules for the June 11, 2016 Territorial Convention (hereinafter, "Convention Rules"), and amended the Rules, Policies, and Principles of the Republican Party of the U.S. Virgin Islands (hereinafter, "Party Rules"). Motion, p. 2; Motion, Exhibits C,[3] D,[4] and E.[5]

---

[2] All facts set forth in this Memorandum Opinion are taken from Plaintiffs' Motion, including the affidavits and exhibits. Factual findings set forth herein are made for the limited purpose of determining whether the Court should issue a temporary restraining order and are applicable only for the purposes of this Memorandum Opinion and the corresponding Order.

[3] Exhibit C—A copy of the "Call of the 2016 Republican Territorial Convention," dated May 10, 2016 (advised the Republican voters of the U.S. Virgin Islands that the Convention Rules will govern convention membership and procedures).

[4] Exhibit D — A copy of the Convention Rules (stated that it was adopted by the Territorial Committee at the special meeting held on May 6, 2016).

[5] Exhibit E — A copy of the Letter from the Territorial Committee to Supervisor Caroline Fawkes, dated May 7, 2016 (advised Ms. Fawkes of the amendments to the Party Rules adopted at the special meeting held on May 6, 2016); and a copy of the Party Rules.

On May 7, 2016, the Territorial Committee directed a letter to Supervisor Caroline Fawkes at the Office of the Supervisor of Elections, notifying her of the following actions taken by the Territorial Committee at the special meeting on May 6, 2016: (1) the Territorial Committee amended the Party Rules; and (2) the Territorial Committee scheduled the territorial convention to take place on June 11, 2016 — for the purpose of selecting Republican nominees for federal and territorial elective officers and electing a party chairman, national committeewoman, national committeeman, and members of the Territorial Committee. *Id.* The Letter, along with a copy of the Party Rules and Convention Rules were attached to this email correspondence. The Letter, and the attachments thereto, were also sent to Supervisor Caroline Fawkes via United States Postal Service certified mail.[6] *Id.*

Subsequently on May 10, 2016, Plaintiff John Canegata, in his capacity as the State Chairman of the Republican Party of the U.S. Virgin Islands (hereinafter, "State Chairman"), and Plaintiff Robert Schanfarber, in his capacity as the Secretary of the Republican Party of the U.S. Virgin Islands (hereinafter, "Secretary"), issued a "Call of the 2016 Republican Territorial Convention" to the Republican voters of the U.S. Virgin Islands, informing them that the territorial convention will take place on June 11, 2016 and that the Convention Rules will govern convention membership and procedures.[7]

On May 10, 2016, an alleged majority of the Territorial Committee[8] executed a demand (hereinafter, "Demand") to Plaintiff John Canegata, in

---

[6] Title 18 V.I.C. § 304(a) provides that "[n]o such rules shall be effective until a certified copy thereof has been filed in the office of the Supervisor of Elections."

[7] *Supra*, n.4.

[8] Title 18 V.I.C. § 303(a) provides that "[e]ach political party in the Virgin Islands shall have a territorial committee . . . comprised of thirty (30) elected members . . ." *See also* Article IV, Section 1 of the Party Rules. Title 18 V.I.C. § 303(b) provides that, "[i]n addition to the elected members of the territorial committee of a political party, there shall be such ex officio members as provided for by party rules, but not to exceed twenty (20) voting ex officio members." Article III of the Party Rules provides for various ex-officio memberships. Reading Title 18 V.I.C. § 303(a) in conjunction with the Party Rules means that the Territorial Committee can have at most 50 members.

Here, 19 members of the Territorial Committee signed the demand and addressed themselves as "a majority of the Members of the Territorial Committee." Plaintiffs argued that these 19 members do not constitute a majority of the Territorial Committee because there are 43 Territorial Committee members. Motion, at p. 4; Canegata Aff. ¶ 11. However, this number was not substantiated by any evidence. Defendant Warren B. Cole subsequently filed an appear-

his capacity as the State Chairman, and demanded, *inter alia*, him to issue a call for the territorial convention to take place on May 28, 2016. Motion, Exhibit B[9]. The Demand further indicated that, if "the State Chairman does not issue such a Call within 72 hours of service of this Demand then the power to issue such a Call to Convention shall automatically be vested in the First Vice-Chairman as provided in Article X, Section 2 of the Rules." *Id.* Through this Demand, the alleged majority of the Territorial Committee appointed Defendant Holland Redfield, III, Defendant James Oliver, Defendant Fred Vialet, Jr., Defendant Leigh Goldman, and Defendant Warren B. Cole as members of the territorial convention subcommittee (hereinafter, "Territorial Convention Subcommittee"). *Id.*

On May 12, 2016, Defendant Herbert Schoenbaum, in his alleged capacity as the First Vice-Chairman[10] of the Republican Party of the U.S. Virgin Islands (hereinafter, the "First Vice-Chairman"), issued a "Call to Territorial Convention, Republican Party of the U.S. Virgin Islands" (hereinafter, "May 12, 2016 Call") pursuant to: (1) Article XII of the Party Rules; and (2) the Demand. Motion, Exhibit B.[11] Defendant Herbert Schoenbaum indicated that his authority as the First Vice-Chairman was provided by Article X, Section 2(b) of the Party Rules,[12] following "the written refusal of the State Chairman to abide by the demands of the Territorial Committee and the requirements of the Party Rules." *Id.* The May 12, 2016 Call stated that the territorial convention will convene on May 28, 2016 and provided various ways of communications with the Territorial Convention Subcommittee. Specifically, a Facebook page was set up for the Territorial Convention Subcommittee "to communicate with registered Republicans who want to participate in the [May 28, 2016]

---

ance and informative notice and stated that there are a maximum of 35 Territorial Committee members. But similarly, the number provided by Defendant Warren B. Cole was also not substantiated by any evidence.

Based on the record before the Court, the Court cannot discern whether these 19 members constitute a majority of the Territorial Committee.

[9] Exhibit B — A copy of the Demand, dated May 10, 2016.

[10] The Party Rules, in its current form, do not recognize a "First Vice-Chairman" office. The Party Rules only mention four Territorial Committee offices: the state chairman, the vice chairman, the secretary, and the treasurer. Motion, Exhibit E, the Party Rules.

[11] Exhibit B — A copy of the "Call to Territorial Convention, Republican Party of the U.S. Virgin Islands," dated May 12, 2016.

[12] It appears that Defendant Herbert Schoenbaum referenced an earlier version of the Party Rules. *See supra*, n.10.

Territorial Convention" — https://www.facebook.com/Territorial-Convention-of-the-Republican-Party-of-the-USVI-262264954125778 (hereinafter, "Facebook Page"). *Id.*

The Facebook Page is titled "Territorial Convention of the Republican Party of the USVI" and includes the following information in its background picture: "Territorial Convention, May 28, 2016, St. Thomas, USVI." The profile picture[13] contains an image commonly associated with the Republican Party of the U.S. Virgin Islands[14] (hereinafter, "Original Profile Picture") — this image is similar to the U.S. Virgin Islands flag, but with a few variations: (1) the eagle still holds an olive branch on one talon and three arrows in the other, but instead of the red, white and blue shield on the eagle's breast, the image includes a white shield with the red, white and blue elephant logo, upholding three stars across its back; and (2) instead of the "V" on the left side of the eagle and the "I" on the right side of the eagle, the image includes "US" on the left side of the eagle and "VI" on the right side of the eagle and "GOP" underneath the eagle. Motion, Exhibit A.[15] The red, white and blue elephant logo, upholding three stars across its back, is widely recognized as a symbol, emblem and insignia of the Republican National Committee (hereinafter, "Elephant"). *See* Motion, p. 5-6; Motion, Exhibit F.[16] The short description for this page provides the following: "The Territorial Committee of the Republican Party of the USVI passed a Demand for Territorial Convention to take place on May 28th, 2016 on St Thomas." Motion, Exhibit A.[17]

On May 18, 2016, Plaintiffs filed an Original Complaint against Defendants and this instant Motion, along with an affidavit of Plaintiff John Canegata, in his capacity as State Chairman and acting on behalf of the Republican Party of the U.S. Virgin Islands, and an affidavit of Mark W. Eckard, Esq. In their Motion, Plaintiffs requested the Court to

---

[13] According to Facebook's Help Center, the "profile picture" is "the picture that friends see next to your name everywhere on Facebook" and noted that "[t]his is how people recognize you." *See* https://www.facebook.com/help/169743063106603. The current profile picture is always public. *See* https://www.facebook.com/help/388305657884730.

[14] *See* http://usvigop.org.

[15] Exhibit A — Various copies of screenshots of Defendants' Facebook Page.

[16] Exhibit F — A copy of the screenshot of a Google images search for the phrase "gop emblem."

[17] *Supra,* n.15.

issue a temporary restraining order to enjoin Defendants from using: (1) any symbol, emblem and insignia of the Republican National Committee, namely the Elephant; and (2) the "Republican Party of the U.S. Virgin Islands" name. Defendant Holland Redfield and Defendant Warren B. Cole was served, *inter alia*, a copy of the Motion through Charles Lockwood, Esq., their counsel in *Redfield, et al., v. Canegata*, civil case No. SX-16-CV-254. Eckard Aff. ¶ 3. Attorney Mark Eckard represented that he will serve each defendant individually, *inter alia*, a copy of the Motion via hand-delivery. Eckard Aff. ¶ 4.

On May 19, 2016, a notice of filing proof of service was filed as to Defendant Herbert Schoenbaum, Defendant Holland·Redfield, Defendant James Oliver, and Defendant Warren B. Cole. To date, no notice of filing of proof of service was filed as to the remaining defendants — Defendant Fred Vialet, Jr. and Defendant Leigh F. Goldman. It is unclear whether they have been served.

On May 20, 2016, Defendant Warren B. Cole filed an appearance and informative notice (hereinafter, "Informative Notice"), advising the Court of Hunter & Cole's appearance in this matter as his attorneys, and his intention to file a motion to dismiss. Defendant Warren B. Cole also notified the Court that, despite the fact that "Defendants, and the Committee Majority they represent, vociferously deny that they are not privileged to use symbols of the Republican Party, Defendants have taken down from the Facebook page the symbol Plaintiffs complain of, merely to relieve the Court of having to adjudicate a triviality." Informative Notice, p. 2.

On May 24, 2016, and again on May 26, 2016, the Court checked the Facebook Page, at https://www.facebook.com/Territorial-Convention-of-the-Republican-Party-of-the-USVI-262264954125778, and the Original Profile Picture was replaced with another image depicting a red, white and blue elephant logo upholding five stars across its back. The title of the Facebook Page and short description remained the same.

## STANDARD OF REVIEW

██ ██ Federal Rule of Civil Procedure 65 (hereinafter, "Rule 65") governs temporary restraining orders (hereinafter, "TRO") and

preliminary injunctions.[18] A TRO is an equitable procedural device to preserve the status quo until the court have the opportunity to consider a preliminary or permanent injunction. *Appleyard v. Juan F. Luis Hosp. & Med. Ctr.*, SX-14-CV-282, 2014 V.I. LEXIS 56, at *4 (Super. Ct. 2014) (unpublished); *Pate v. Govt. of the V.I.*, ST-14-CV-479, 2014 V.I. LEXIS 112, at *4 (Super. Ct. 2014) (unpublished). While "temporary restraining orders fall within an exception to the general rule requiring notice and an opportunity to be heard,"[19] the Court may issue a TRO without "written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). A preliminary injunction is an "extraordinary and drastic remedy," never awarded as of right. *Yusuf*, 59 V.I. at 847 (internal quotation omitted).

■ ■ Precedents from the Supreme Court of the Virgin Islands (hereinafter, "Supreme Court") establish that the Superior Court shall consider four factors in deciding a motion for temporary restraining order and preliminary injunction:[20] (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will. be in the public interest. *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 551 (V.I. 2015); *Petrus*, 56 V.I. at 554. The moving party must "demonstrate that the injunction is necessary to avoid certain and imminent harm for which a monetary award does not adequately compensate." *3RC & Co.*, 63 V.I. at

---

[18] Federal Rule of Civil Procedure 65 applies in the Superior Court pursuant to Superior Court Rule 7. *Yusuf v. Hamed*, 59 V.I. 841, n.2 (V.I. 2013). The Supreme Court of the Virgin Islands (hereinafter, "Supreme Court") have consistently recognized the availability of injunctive relief in the Virgin Islands. *See, e.g., Yusuf*, 59 V.I. 841; *3RC & Co.*, 63 V.I. 544, 2015 V.I. Supreme LEXIS 22; *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548 (V.I. 2012); *Crucians in Focus, Inc. v. VI 4D, LLLP*, 57 V.I. 529 (V.I. 2012). Since there are precedents from the Supreme Court regarding motions for temporary restraining order and preliminary injunction, the Court will use the standard of review set forth in said precedents.

[19] *Wessinger v. Wessinger*, 56 V.I. 481, n.9 (V.I. 2012).

[20] The factors to be considered when evaluating a temporary restraining order request are the same factors courts consider when evaluating whether to issue a preliminary injunction. *Appleyard*, 2014 V.I. LEXIS 56 at *4; *Pate*, 2014 V.I. LEXIS 112 at *7.

553-554 (internal quotation omitted). However, irreparable injury alone is not enough to support equitable relief. *Id.* at 554. The moving party must also make at least some showing that it has a reasonable probability of success on the merits. *Id.* at 554-555. In other words, when faced with the task of determining a request for injunctive relief, the Court must engage in an evaluation in combination of the moving party's claim of injury and its chance of success on the merits. *Id.* at 555. Moreover, the Court must also engage in an evaluation of the likelihood that the injunction would cause irreparable harm to the nonmoving party. *See id.* (explaining that an injunctive relief may still be appropriate where the moving party makes out a very strong showing on the merits and a weaker showing of likelihood of irreparable harm, so long as the nonmoving party's likelihood of irreparable harm is similarly low). Finally, the public interest factor will typically favor the moving party if he/she demonstrates both a likelihood of success on the merits and irreparable harm. *Id.* at 557.

The moving party has the burden of making some showing on all four factors. *Id.* at 557. In evaluating the injunctive motion, the Supreme Court instructed that the Superior Court "must evaluate the moving party's showing on all four factors under a sliding scale standard." *Id.* The Supreme Court further instructed that, "[i]n conducting this sliding-scale analysis, the Superior Court must make findings on each of the four factors and determine whether — when the factors are considered together and weighed against one another — the moving party has made a clear showing that [it] is entitled to [injunctive] relief." *Id.* (internal quotation omitted).

## DISCUSSION

The issue raised here is the extent to which a political party may prevent a dissident group from using the descriptive name and the symbol, emblem, or insignia of said political party. It is not disputed that all the persons involved — Plaintiffs and Defendants — are members of the same party, the Republican Party of the U.S. Virgin Islands. It is also

not disputed that they are engaged in rivalry for control of the Territorial Committee.[21]

Defendant Warren B. Cole represented to the Court that, despite disagreeing with Plaintiffs, "Defendants have taken down from the Facebook page the symbol Plaintiffs complain of, merely to relieve the Court of having to adjudicate a triviality." Informative Notice, p. 2. When the Court checked the Facebook Page on March 24, 2016, and again on March 26, 2016, it appears that Defendants did indeed take down the Original Profile Picture that Plaintiffs complained of. However, it was replaced with another image depicting a variation of the Elephant — a red, white and blue elephant logo upholding five stars across its back instead of the usual three stars. This is precisely the symbol, emblem, or insignia that Plaintiffs complained of in their Original Complaint and this instant Motion.[22] It seems rather disingenuous for Defendant Warren B. Cole to inform the Court that Defendants took down "the symbol Plaintiffs complain of . . . to relieve the Court of having to adjudicate a triviality," but only to replace it with another image that Plaintiffs will similarly have issues with.

Thus, Plaintiffs' Motion is not moot, and the Court must balance the four factors mentioned above and determine whether the provisions of Federal Rule of Civil Procedure 65 are met.

## I. The Four Factors

Plaintiffs, the moving party, have the burden of making some showing on all four factors. *3RC & Co.*, 63 V.I. at 557-558.

---

[21] The alleged majority of the Territorial Committee, included Defendants, made it very clear in the Demand that they are opposing Plaintiff John Canegata's leadership of the Territorial Committee. The Demand provide:

> WHEREAS, it has been conclusively demonstrated that the State Chairman is incapable of conducting the business of the Territorial Committee or chairing the meetings of said Committee in a manner consistent with good order and the safety and security of the Members of the Committee; and
> WHEREAS, the undersigned have no confidence in the leadership of the State Chairman.

[22] "Defendants are wrongfully using . . . the Elephant in connection with their Rump Convention . . ." Motion, p. 5-6.

### a. Plaintiffs' Reasonable Probability of Success on the Merits

Plaintiffs, in essence, argued that they have more than a reasonable chance of prevailing on the merits because Defendants are not the Republican Party of the U.S. Virgin Islands, and therefore, Defendants are inappropriately using the "Republican Party of the U.S. Virgin Islands" name and the symbol, emblem, or insignia of the Republican National Committee, namely the Elephant. Motion, p. 2, 6. More specifically, Plaintiffs pointed out that Defendants are in violation of Title 18 V.I.C. § 301(c) since "Defendants do not have the consent of Plaintiffs to use the name, symbol, emblem, or insignia of the [Republican National Committee]." Motion, p. 8.

When seeking an injunctive relief, Plaintiffs, the moving party, must make at least some showing that they are likely to succeed on the merits. *3RC & Co.*, 63 V.I. at 554-555. In order to show a reasonable probability of success on the merits, the moving party need not show that "he will actually prevail on the merits at trial, or that his success is 'more likely than not,' " the moving party only needs to show that he has "a reasonable chance, or probability, of winning." *Yusuf*, 59 V.I. at 849.

Thus, the Court must determine whether there is a reasonable probability that Plaintiffs will succeed on their two claims: (1) Plaintiffs' claim that Defendants violated Title 18 V.I.C. § 301(c) when they used the image of a red, white and blue elephant logo, upholding five stars across its back, without Plaintiffs' consent; and (2) Plaintiffs' claim that Defendants violated Title 18 V.I.C. § 301(c) when they used the "Republican Party of the U.S. Virgin Islands" name without Plaintiffs' consent. Title 18 V.I.C. § 301(c) provides:

> Whenever a political party in the Virgin Islands affiliates with a national political party, committee, convention or organization, regardless of when such affiliation took place, no association, group, club, organization or instrumentality shall use the symbol, emblem, or insignia, of the national political party, convention, committee or organization which has affiliated with a Virgin Islands political party, without the express consent in writing from the chairman and secretary of the Virgin Islands political party filed with the Supervisor of Elections. A petition for an injunction to restrain such association, club, group or instrumentality from using such symbol, emblem, or insignia may be

filed in the District Court by the officers of said affiliated political party and/or the Supervisor of Elections.

As Title 18 V.I.C. § 301(c) implies, the symbol, emblem, or insignia of the Republican National Committee belongs to the Republican Party of the U.S. Virgin Islands, and therefore, usage of said symbol, emblem, or insignia requires express written consent from the State Chairman and Secretary. The statute does not define or provide examples of what constitutes a symbol, emblem, or insignia of the Republican National Committee.

The current profile picture of Defendants' Facebook Page displays an image depicting a red, white and blue elephant logo upholding five stars across its back.[23] Given this image's similarity to the Elephant — both elephants are red, white, and blue, upholding stars across its back — the average layman could very well interpret this image as a symbol, emblem, or insignia of the Republican National Committee, especially when used in the context to call a territorial convention of the Republican Party of the Virgin Islands. Thus, the Court finds that Plaintiffs have shown a reasonable probability of success on the merits of their claim that Defendants violated Title 18 V.I.C. § 301(c) when they used this image without Plaintiffs' consent. As noted above, Plaintiffs need not show that they will actually prevail on the merits at trial; Plaintiffs only need to show that they have a reasonable probability of success on the merits. *See Yusuf*, 59 V.I. at 849. Accordingly, this factor weighs in favor of the issuance of the TRO with regard to Defendants' usage of the image containing a red, white and blue elephant logo upholding stars across its back.

However, Title 18 V.I.C. § 301(c)'s scope is limited to the use of the "symbol, emblem, or insignia" and does not extend to the use of the name as Plaintiffs claimed. Thus, Plaintiffs' argument that Defendants violated Title 18 V.I.C. § 301(c) when they used the "Republican Party of the U.S. Virgin Islands" name without Plaintiffs' consent is without merit. Accordingly, the Court finds that Plaintiffs have not shown a reasonable probability of success on the merits of this claim.

Nonetheless, though not presented as a concise argument, Plaintiffs also appeared to argue in their Motion that the "Republican Party of

---

[23] The Court will only discuss the current profile picture on Defendants' Facebook Page since Defendants are no longer using the Original Profile Picture.

the U.S. Virgin Islands" name, like the symbol, emblem, or insignia of the Republican National Committee, belongs to the Republican Party of the U.S. Virgin Islands, and therefore, Defendants are not entitled to its usage.

Defendants are not a Republican National Committee-sanctioned state party for the territory of the U.S. Virgin Islands.[24] Those in control of the Republican Party of the U.S. Virgin Islands may lawfully prevent the appropriation of their name by organizations not functioning under the aegis of the Republican Party of the U.S. Virgin Islands. Accordingly, under this different claim for misappropriation, the Court finds that Plaintiffs have shown a reasonable probability of success on the merits. Again, Plaintiffs need not show that they will actually prevail on the merits at trial; Plaintiffs only need to show that they have a reasonable probability of success on the merits of this claim. *See Yusuf*, 59 V.I. at 849. Thus, this factor weighs in favor of the issuance of the TRO with regard to Defendants' usage of the "Republican Party of the U.S. Virgin Islands" name.

### b. Likelihood of Irreparable Harm to Plaintiffs

Plaintiffs contended that, absent injunctive relief, they will be irreparably harmed by Defendants' unauthorized use of an image depicting a red, white and blue elephant logo, upholding five stars across its back, and the "Republican Party of the U.S. Virgin Islands" name. Motion, p. 8-9. As an example of the irreparable harm that they will suffer, Plaintiffs pointed to the confusion that will certainly ensue with regard to the actual date of the territorial convention for the Republican Party of the U.S. Virgin Islands. *Id.* at 9. Plaintiffs noted that, as a result of this confusion, the Republican Party of the U.S. Virgin Islands will "lose control of its reputation . . . and lose credibility locally and nationally, including with the [Republic National Committee]." *Id.*

█ Irreparable harm is "certain and imminent harm for which a monetary award does not adequately compensate." *Yusuf*, 59 V.I. at 854 (internal quotation omitted). Loss of control of reputation and loss of good will are established grounds for irreparable injury. *See, e.g.,*

---

[24] Article I, Section 1 of the Party Rules provides that the "official name of the Republican National Committee-sanctioned state party for the territory of the United States Virgin Islands shall be the Republican Party of the United States Virgin Islands."

*Appleyard*, 2014 V.I. LEXIS 56 at **8-9; *Kings Wharf Islands Enters. v. Rehlaender*, 34 V.I. 23, 28 (Terr. Ct. 1996) (the court found that the plaintiff has sufficiently demonstrated that it will suffer irreparable harm, namely, loss of business reputation and credibility in the community, if injunctive relief is not immediately granted).

Having two groups — Plaintiffs, as the State Chairman and Secretary, and Defendants, as the representatives of an alleged majority of the Territorial Committee — that both claim to act on behalf of the Republic Party of the U.S. Virgin Islands will invariably create confusion among citizens, and especially among the Republican voters in the U.S. Virgin Islands (hereinafter, "Republican Voters"). For example, there are currently two different dates set for the territorial convention of the Republican Party of the U.S. Virgin Islands — May 28, 2016 and June 11, 2016. If the Republican Voters turn to the Republic Party of the U.S. Virgin Islands' official website, they will be informed that the territorial convention will take place on June 11, 2016. On the other hand, if the Republican Voters turn to search for information on Facebook and come across Defendants' Facebook Page — which displays a profile picture depicting a red, white and blue elephant logo upholding five stars, and the "Republican Party of the U.S. Virgin Islands" name in its title, it would likely lead the average layman to believe that this is the official Facebook page for the Republican Party of the U.S. Virgin Islands. However, the Facebook Page will inform them that the territorial convention will take place on May 28, 2016. Hence, there is patent danger of confusion.

The confusion that would result from having two different dates set for the territorial convention for the Republican Party of the U.S. Virgin Islands would undoubtedly interfere with the rights of the voters and cause them to be disenfranchised — the confusion will likely negatively impact the turn-out at the territorial convention, which will in turn, negatively impact the selection of Republican nominees and the election of members of the Territorial Committee. Moreover, the confusion will also likely negatively impact the Republican Party of the U.S. Virgin Islands' reputation and credibility.

These sort of harms are real but difficult to quantify, and a subsequent monetary award would be inadequate to repair the injury. Additionally, given that the territorial convention called by Defendants is scheduled to take place in a few days, Plaintiffs will suffer immediate, irreparable harm if the danger of confusion is allowed to persist. Accordingly, the Court

finds that, absent injunctive relief, Plaintiffs face immediate, irreparable harm. Thus, this factor weighs in favor of the issuance of the TRO.

### c. Likelihood of Irreparable Harm to Defendants

Plaintiffs argued that the injunctive relief will not result in any harm to Defendant because they have "no claim to any right, title or interest" in the "Republican Party of the U.S. Virgin Islands" name or the symbol, emblem or insignia of the Republican National Committee. Motion, p. 9.

Nothing indicates that Defendants will suffer irreparable harm if an injunction was issued and Defendants are enjoined from using a name and a symbol, emblem, or insignia that they are not entitled to. The "Republican Party of the U.S. Virgin Islands" name and any symbol, emblem, or insignia of the Republican National Committee belongs to the Republican Party of the U.S. Virgin Islands, and Defendants are not authorized for their usage. As noted above, the image currently used as the profile picture of Defendants' Facebook Page is very similar to the Elephant, and could be interpreted by the average layman as a symbol, emblem, or insignia of the Republican National Committee.

It should be emphasized that the Court is not commenting on Defendants' right to espouse their cause or vigorous opposition to the present party leadership. Defendants may continue to advocate for their cause, but they may not use the party name and any symbol, emblem, or insignia of the Republican National Committee, which belongs to the party.

Furthermore, if an injunction is issued, it would not enjoin Defendants from advocating their cause. Defendants can continue to operate their Facebook Page. The relief would be limited to enjoining Defendants from the use of the symbol, emblem, or insignia of the Republican National Committee, namely the image of a red, white and blue elephant logo upholding stars across its back and the use of the "Republican Party of the U.S. Virgin Islands" name to avoid potential confusions among citizens. The injunction need not extend to the point of excluding entirely the use of the descriptive word "Republican", so long as Defendants make it clear that the named group is in opposition to those currently in control of the Republican Party of the U.S. Virgin Islands. The purpose here is to avoid potential confusion.

Accordingly, this factor weighs in favor of the issuance of the TRO.

266

### d. Public Interest

Plaintiffs argued that public interest — of protecting registered or unregistered trademarks and protecting against confusion regarding the Republican Party of the U.S. Virgin Islands — favors injunctive relief here. Motion, p. 9.

The Court agrees with Plaintiffs that it is in the public's interest to protect against confusion regarding the Republican Party of the U.S. Virgin Islands. Moreover, it is also in the public's interest to protect the rights of the voters by ensuring accurate dissemination of territorial convention information.

Accordingly, this factor weighs in favor of the issuance of the TRO.

## II. Notice to Defendants

 Under Federal Rule of Civil Procedure 65(b)(1)(B), a TRO may be issued *ex parte* only if the moving party's attorney "certifies in writing any efforts made to give notice and the reasons why it should not be required." To date, it is unclear whether Defendant Fred Vialet, Jr. and Defendant Leigh F. Goldman have been served.

An *ex parte* TRO may be appropriate where notice is impossible because the identity of the adverse party is unknown or a known party cannot be located. *See, e.g., Turnbull v. Parker*, ST-11-CV-429, 2011 V.I. LEXIS 41, *5 (Super. Ct. July 20, 2011) (unpublished). This is certainly not the case here. Plaintiffs and Defendants are all members of the Territorial Committee. In fact, Plaintiffs successfully served four of the Defendants via hand-delivery. Thus, the Court concludes that Plaintiffs have the ability to locate and serve Defendant Fred Vialet, Jr. and Defendant Leigh F. Goldman. In the event that they cannot be served, then Plaintiffs' attorney must certify in writing of the efforts made. Alternatively, Plaintiffs' attorney may also certify in writing why service should not be required here. To date, Plaintiffs' attorney has not filed any certifications in compliance with Federal Rule of Civil Procedure 65(b)(1)(B).

 Nevertheless, the Court may issue an *ex parte* TRO upon satisfying the requirements set forth under Federal Rule of Civil Procedure 65(b)(2). Federal Rule of Civil Procedure 65(b)(2) provides that, "[e]very temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state

why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." The Court will include the date and hour at the end of this Memorandum Opinion and corresponding Order, and direct the Clerk's office to promptly file this Memorandum Opinion and corresponding Order and enter it in the record. The irreparable injury was discussed above. This Memorandum Opinion and corresponding Order is issued without notice to Defendant Fred Vialet, Jr. and Defendant Leigh F. Goldman because the Court finds that it is likely that Defendant Fred Vialet, Jr. and Defendant Leigh F. Goldman learned of Plaintiffs' request for a TRO from: (1) other Defendants that were served given that they collectively represent the alleged majority of the Territorial Committee, and/or (2) other sources given the very public nature of this matter. Having stated the above, the Court is in compliance with Federal Rule of Civil Procedure 65(b)(2).

## CONCLUSION

■ Based on the foregoing analysis, all four factors weighed in favor of the issuance of the TRO with regard to Defendants' usage of the "Republican Party of the U.S. Virgin Islands" name and the symbol, emblem, or insignia of the Republican National Committee, namely the image of a red, white and blue elephant logo upholding stars across its back. Thus, the Court finds that Plaintiffs, the moving party, made a clear showing that they are entitled to the extraordinary remedy of the issuance of a TRO. Accordingly, the Court will grant Plaintiffs' Motion. A hearing will be set on the matter to determine whether a preliminary injunction should be granted.