

**FILED**

August 17, 2023 03:03 PM
ST-2023-CV-00254
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN



|  |  |  |
|---|---|---|
| BOSHOW ANN KIRKLAND, | ) | |
| | ) | Civil No. ST-2023-CV-00254 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ACTION FOR RESTITUTION |
| | ) | AND DAMAGES |
| 4-10 ESTATE BOTANY BAY, LLC, | ) | |
| JOHN KIRKLAND, AND GUARD | ) | |
| SECURITY SERVICES, LLC, | ) | |
| | ) | **Cite as <u>2023 VI Super 49U</u>** |
| Defendants. | ) | |
| | ) | |

**NOT FOR PUBLICATION**

## <u>MEMORANDUM OPINION AND ORDER</u>

¶1.     THIS MATTER is before the Court upon Plaintiff's motion for emergency *ex parte* temporary restraining order and preliminary injunction which Plaintiff filed on August 13, 2023. The next day, the Clerk of the Court issued a deficiency notice to Plaintiff informing her that she has failed to pay the "$75.00 filing fee" and file "21 Day Summons." On August 15, 2023, Plaintiff paid the filing fee but has yet to file a summons on the docket as of the issuance of this Order.

¶2.     With respect to temporary restraining orders, Rule 65 (b)(1) of the Virgin Islands Rules of Civil Procedure provides in pertinent part as follows:

> (b) Temporary Restraining Order
>     (1) *Issuing Without Notice.* The court shall consider and rule upon an application for a temporary restraining order as soon as practicable, and may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>         (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>         (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Kirkland v. 4-10 Estate Botany Bay, LLC, et al*
Civil No. ST-2023-CV-00254
Memorandum Opinion- August 17, 2023
Page **2** of **3**

Cite as 2023 VI Super 49U

Plaintiff has failed to comply with the requirements of V.I.R Civ. P. 65(b)(1)(A) and (B). Plaintiff's application for a temporary restraining order is not supported with an affidavit or verified complaint. The purpose for either verification or affidavit attached to an application for injunctive relief is to ensure that the Court has reliable and credible evidence before it when exercising its discretion to grant a temporary restraining order – an extraordinary relief – without the benefit of a full record and presentation by both parties. Here, Plaintiff failed to file any verification to support her request for a temporary restraining order as required by Rule 65.

¶3.     Additionally, Plaintiff's counsel has not submitted a certification stating the efforts that have been made to give notice to Defendants of the pendency of this matter and it has not provided the Court with any justification why notice should not be given to Defendants. It is well established that a court may issue a temporary restraining order without advance notice to the non-moving party. *See, e.g., Turnbull v. Parker*, ST-11-CV-429, 2011 V.I. LEXIS 41, *5 (Super. Ct. July 20, 2011). However, an *ex parte* temporary restraining order may be appropriate only where the moving party has provided compelling reasons or extra-ordinary circumstances why a temporary restraining order should be issued without notice or notice is impossible because the identity of the adverse party is unknown, or a known party cannot be located. *Id.; Canegata v. Schoenbaum*, 64 V.I. 252, 267, 2016 V.I. LEXIS 63, *27 (Super. Ct. May 27, 2016).

¶4.     There is nothing on the record that would suggest that Defendants cannot be found, that they are evading service or their identities or unknown. In fact, the Plaintiff's filings reveal that the primary Defendant, John Kirland, is Plaintiff's husband with whom she shares joint custody of their two minor children and her children are the members and owners of Defendant 4-10 Estate Botany Bay, LLC, which owns the property for which she seeks restitution. Since Plaintiff did not

*Kirkland v. 4-10 Estate Botany Bay, LLC, et al*
Civil No. ST-2023-CV-00254
Memorandum Opinion- August 17, 2023
Page 3 of 3

Cite as 2023 VI Super 49U

provide the Court with any written statement explaining the efforts she has taken to give notice to Defendants or why notice to Defendants should not be required, she has not satisfied a basic requirement for obtaining a temporary restraining order. As a result of Plaintiff's failure to comply with V.I.R Civ. P. 65(b)(1)(A) and (B), her motion for temporary restraining is defective. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Ex Parte Temporary Restraining Order is **DENIED**; and it is further

**ORDERED** that Plaintiff shall notify the Court once it has served Defendants pursuant to Rule 4 of the Virgin Islands Rules of Civil Procedure so that it may schedule a preliminary injunction hearing.

Dated: August _17_, 2023

**CAROL THOMAS-JACOBS**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By _____
Donna D. Donovan
Court Clerk Supervisor ___8_/_17_/_2023_