

**FILED**
September 11, 2023 01:58 PM
ST-2023-CV-00254
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| BOSHOW ANN KIRKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. ST-2023-CV-00254 |
| | ) | |
| v. | ) | |
| | ) | |
| 4-10 ESTATE BOTANY BAY, LLC, JOHN | ) | ACTION FOR TEMPORARY |
| KIRKLAND, AND GUARD FORCE SECURITY | ) | RESTRAINING ORDER AND |
| SERVICES, LLC, | ) | PRELIMINARY INJUNCTION; |
| | ) | |
| | ) | |
| Defendant. | ) | **Cite as <u>2023 VI Super 56U</u>** |
| | ) | |

### NOT FOR PUBLICATION

### MEMORANDUM OPINION DENYING SECOND EMERGENCY <u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>

¶1.  **THIS MATTER** is before the Court upon Plaintiff Boshow Ann Kirkland's ("Ann" or "Plaintiff") "Verified Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction" filed on September 5, 2023.  Defendant 4-10 Estate Botany Bay, LLC ("4-10 EBB") has filed an Opposition to Ann's Emergency Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction.  The Court will deny Ann's motion for temporary injunctive relief as Plaintiff has failed to show that such a drastic and exigent relief is warranted.

### A. Brief Procedural and Factual Background

¶2.  To provide some brief contextual background, Ann and Defendant John Kirkland ("John") are party to a Separation Agreement dated October 25, 2021. The Kirklands are also parties in a divorce proceeding filed on or about March 2, 2023, and pending in the Circuit Court of the Nineteenth Judicial Circuit Court in and for Indian River County, Florida. Ann and John have two minor children who currently reside in Florida. On May 29, 2023, the Circuit Court Judge issued

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **2** of **11**

Cite as 2023 VI Super 56U

an order prohibiting, restricting, and restraining the children from traveling outside of the continental United States of America until further order of the court. Hence, the children cannot travel to the U.S. Virgin Islands. The property that is the subject of this action is located at 4-10 Estate Botany Bay, No. 7 West End Qtr. St. Thomas, Virgin Islands ("the Property") and is owned by 4-10 EBB. Ann alleges in her filings that the two minor children are the owners/ members of 4-10 EBB. In its opposition to the motion for a temporary restraining order, 4-10 EBB claims that "the members of EBB are John Kirkland and his two minor children." Ann is not a member or owner of 4-10 EBB.

¶3.     On August 13, 2023, Ann filed in this Court a complaint and emergency motion for ex parte temporary restraining order and preliminary injunction. In her original filings, Ann alleges that she is entitled to restitution and damages due to Defendants' breach of her quiet enjoyment of the Property by preventing her from accessing the Property where she has lived since 2016. Ann claims that on or about August 1 or 2, 2023, while she was in Florida with the children, John broke into the Property, disposed of and/or destroyed her belongings, and removed her two vehicles from 4-10 Botany Bay. Ann further claims that when she returned to the Property on August 11, 2023, she was denied entry by an armed guard employed by Guard Security Services. This Court denied Ann's motion for a temporary restraining order on August 17, 2023, for Ann's failure to comply with V.I. R. Civ. P. 65(b)(1)(A) and (B).

¶4.     On September 5, 2023, a second emergency motion was filed for a temporary restraining order and preliminary injunction. In this instance, the motion is verified by Ann, and appended to the motion is Plaintiff's counsel's certification outlining the efforts to serve Defendants. Ann's second motion alleges essentially the same facts except that Ann alleges more details regarding

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **3** of **11**

Cite as 2023 VI Super 56U

John's conduct. Now, Ann claims that John ransacked her place, stole precious items, discarded the children and Ann's belongings, towed her cars out of the residence, and cut off the charging cord for the Tesla vehicle owned by Ann. In her second motion, Ann further states that 4-10 EBB served on her a notice to quit on August 29, 2023, and acknowledged removing her personal items from the Property.[1] Ann seeks a temporary restraining order to regain access to the Property, restrain 4-10 EBB, John, and Guard Force Security Service from blocking her entry and use of the Property, and prevent Defendants from interfering with her quiet enjoyment of the Property.

¶5.     In opposition to Ann's motion for a temporary restraining order, 4-10 EBB urges the Court to deny Plaintiff's motion for temporary restraining order. 4-10 EBB argues, among other things, that there is no emergency; a temporary restraining order would "radically alter the status quo"; Ann was never a tenant but merely an occupant; Ann voluntarily vacated or abandoned the property in April 2023; that by asserting a claim for money damages, Ann has an adequate remedy

---

[1] In support of and appended to the motion are several exhibits consisting of the Property's Deed In Lieu of Foreclosure with effective date of September 16, 2014 and recorded on December 2, 2014; a Separation Agreement between John C. Kirkland and Boshow Ann Kirkland notarized on October 25, 2021; a scanned copy of a check in the amount of $6,025.00 addressed to the Sandy Bay Owners Association; an agreement dated November 6, 2019, between Ann Kirkland and LUMA Solar Alliance with November 6, 2019 listed as the effective date; a Standing Temporary Domestic Relations Order issued by the Circuit Court of the Nineteenth Judicial Circuit for Indian River, St. Lucie, Martin, & Okeechobee County Florida dated March 2, 2023; a Notice to Quit provided to Boshow Ann Kirkland by 4-10 Estate Botany Bay, LLC ("4-10 Estate Botany Bay" or the "Owner") dated August 22, 2023; and a marked up copy of the Verified Second Emergency Motion For Ex Parte Temporary Restraining Order and Preliminary Injunction dated August 29, 2023.[1] The following documents are also attached to the motion for temporary restraining order:

(1) Invoice dated February 24, 2020, from I.M. Chait Gallery/ Auctions for various vases in the amount of $2,278.40, addressed to Ann Kirkland 4-10 Estate Botany Bay, St. Thomas, VI, 00802.

(2) Invoice dated June 1, 2020, from Lewis & Maese Auction Company in the amount of $1,057.27, addressed to Ann Kirkland 4-10 Estate Botany Bay, St. Thomas, VI, 00802.

(3) Automobile Insurance card dated with effective date of June 18, 2023, for 2015 Ford vehicle naming Boshow Ann Kirkland and John Kirland, 4-10 Estate Botany Bay, St. Thomas, VI, 00802 as the insured

(4) Automobile Insurance card with effective date of June 18, 2023, for 2020 Tesla vehicle naming Boshow Ann Kirkland, 4-10 Estate Botany Bay, St. Thomas, VI, 00802 as the insured.

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **4** of **11**

Cite as 2023 VI Super 56U

at law; Ann lives in Vero Beach Florida in a multi-million-dollar beachfront mansion; Ann has alternate accommodations in St. Thomas, as Ann purchased a separate St. Thomas residence located at 4-11 Botany Bay; that her personal property was moved to 4-11 Botany Bay in early August; and, given the severely delipidated condition in which Ann left the Property, her claim that she provided maintenance and upkeep in lieu of rent is absurd.[2]

B. **Standard for Temporary Restraining Order**

¶6.     A temporary restraining order is a provisional procedural remedy to maintain the status quo until a preliminary or permanent injunction hearing can be held. *Hart v. Potter*, 2018 V.I. LEXIS 52, at \*4 (Sup. Ct. 2018). When considering a motion for a temporary restraining order, the Court usually applies the same test it would utilize if considering a request for a preliminary injunction. *Canegata v. Schoenbaum*, 64 V.I. 252, 259, 2016 V.I. LEXIS 63, at \*11 (Super. Ct. 2016). In deciding whether to issue a temporary restraining order, the trial court considers the following factors on a sliding-scale basis: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554, 2012 V.I. Supreme LEXIS 34, at \*10

_____

[2] Attached to 4-10 EBB's opposition are the following exhibits: Photos of Extensive Damage to 4-10 Estate Botany Bay, JK 23-03-02 email to AK re removing clutter from 4-10, JK 23-03-18 email to AK re failure to pay fair market rent for 4-10, JK 23-04-03 email to AK re running business out of 4-10, JK 23-04-17email to AK to remove belongings, JK23-08-02 email to AK that 4-10 not her property, JK 23-08-02 email to AK that 4-10 filthy, damaged, and infested with rats, JK 23-08-04_email to AK that her personal property was moved to 4-11, VI Marshal Deed to Empyrean Asset Management, LLC for 4-11 Estate Botany Bay recorded on 22-01-18, 23-08-17 Geo Map of 4-11 Botany Bay, and 23-05-29 Order on JK's Verified Expedited Motion for Restriction of Travel Outside of the Country with the Minor Children and Surrender of the Minor Children's Passports.

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **5** of **11**

Cite as 2023 VI Super 56U

(V.I. 2012); *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 553, 2015 V.I. Supreme LEXIS 22, at *9 (V.I. 2015).

### C. Discussion and Analysis

*(1) Ann has not demonstrated a reasonable chance or probability of success on the merits.*

¶7.     First, the Court must be satisfied of Ann's probability of success on the merits. To demonstrate a reasonable probability of success on the merits, a plaintiff is not required to show that she will actually prevail on the merits at trial or that the plaintiff's success is more likely than not, only that the plaintiff has "a reasonable chance, or probability, of winning." *Yusuf v. Hamed*, 59 V.I. 841, 849, (V.I. 2023).  Ann has not demonstrated a reasonable chance or probability of success on the merits.  Ann has acknowledged that she is **not** the owner of the Property, that 4-10 EBB is the owner, and that she is not a member or owner of 4-10 EBB.  She has also admitted that she does not have a written lease and has no present permission to occupy the property. Despite these concessions, she nonetheless claims that her status as an "occupant" of the Property gives her a right to continue occupying the property she claims she has occupied since 2016.

¶8.     None of the documents submitted by Plaintiff supports her request for a temporary restraining order.  Under the Separation Agreement, Section 4(D), 4-10 Botany Bay, LLC unequivocally states that the property is owned by the children. Ownership by the children is not equivalent to ownership by Ann.  Ann also cannot claim that she has a right to reside at the property because her children are the owners. Besides, the children cannot even visit the Virgin Islands in light of the travel restrictions imposed by the Florida Court. Neither the Separation Agreement nor the Standing Temporary Domestic Relations Order issued by the Circuit Court of the Nineteenth Judicial Circuit for Indian River addresses Ann's right to continue to occupy 4-10 EBB, which she

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **6** of **11**

Cite as 2023 VI Super 56U

does not own or has a tenancy agreement for. Ann has not provided this Court with any documents which show that she has a legal right to occupy the property. Unless Ann can provide some legal basis for her continued occupancy of the property – which she has not provided in her complaint and her first or second motions for a temporary restraining order - she is unlikely to succeed on the merits.

¶9.    To support her right to continue to occupy 4-10 Botany Bay, Ann asserts that while she has no written lease, she has resided on the property since 2016 and has consultancy agreements, car insurance documents, invoices, and receipts from purchases showing billing and shipping address at 4-10 Estate Botany Bay. In furtherance of her argument, Plaintiff submits Composite Exhibit 5, which includes an invoice dated February 24, 2020, from I.M. Chait Gallery/Auctions for various vases in the amount of $2,278.40, addressed to Ann Kirkland 4-10 Estate Botany Bay, St. Thomas, VI, 00802; invoice dated June 1, 2020, from Lewis & Maese Auction Company in the amount of $1,057.27, addressed to Ann Kirkland 4-10 Estate Botany Bay, St. Thomas, VI, 00802, Automobile Insurance cards with effective date of June 18, 2023, for a 2015 Ford and 2020 Tesla vehicle with 4-10 Estate Botany Bay, St. Thomas, VI, 00802, as the address on the card. The Plaintiff also submits an Independent Contractor Agreement dated November 6, 2019, between Ann Kirkland and LUMA, a solar energy company specializing in solar roofing systems, which gives her address as 4-10 Botany Bay Estates, St. Thomas, USVI. The Court notes that the invoices from the auctioneers and the Luma Agreement predate the Separation Agreement and the filing of the divorce proceeding in Florida. The use of 4-10 Botany Bay as the address on old invoices and vehicle insurance card renewals is of no moment since, at one time, Ann, John, and the children apparently lived at 4-10 Botany Bay as a family. Plaintiff attaches a check dated April 20, 2023,

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **7** of **11**

Cite as 2023 VI Super 56U

made out to Sandy Bay Owners Association for $6,025.00. The Court notes that the address on the check from Ann Kirkland is 505 Beachland Blvd Ste I PMB 170, Vero Beach, FL.32963-1796. Ann's payment of the homeowner's association fees for her children's property on April 20, 2023, is incongruous, particularly after John informed her on March 2, 2023, that her things would be cleared out of the Property and put into storage. Presumably, Plaintiff believes these documents establish her legal right to continue occupying the property. They do not. A person does not obtain a legal interest in real property merely by having a document with the real property's address on the document. At most, the documents prove that Ann once resided at the property.

¶10. There is also plausible evidence that Ann abandoned the property. Ann left the property on April 29, 2023, and did not return until August 11, 2023. The photographs of the Property provided by 4-10 EBB are consistent with a property that has not been used or lived in for an extended period. According to 4-10 EBB, the Property was "filthy, cluttered, damaged and invested with rats." The photographs provided appear to bear out the Defendant's description. Between March 2, 2023, and August 4, 2024, Ann received several emails from John regarding her personal belongings at the Property. The emails either informed her that her belongings would be placed in storage or requested her to remove them from the Property. Additionally, she was instructed not to return to 4-10 Estate Botany Bay. The Court was not provided with any response from Ann to the emails; hence, at this time, the Court does not know whether Ann responded to John's emails.

¶11. Ann fails to acknowledge that much has happened this year that may have changed the parties' rights to the Property. There is a separation agreement, a pending divorce matter and custody proceedings in Florida, the Florida Order prohibiting the children from traveling outside the continental United States, the division of property, and the acquisition of property by Plaintiff

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **8** of **11**

Cite as 2023 VI Super 56U

in the Virgin Islands and Florida. As with many divorces, parties stake their claim, and clear lines are drawn in the sand. This case is no different. Without a legal document giving Ann an interest in the property, the Court weighs this factor against Plaintiff.

*(2) Ann will not Suffer Irreparable Harm if the Temporary Restraining Order is Denied*

¶12. Next, the Court looks at the threat of irreparable harm to Ann if the Defendants are not enjoined from preventing her from accessing the property. The Supreme Court in *Yusuf* applied a "sliding-scale test," "allowing the moving party to obtain an injunction even where the probability of success on the merits is low if the court determines that the moving party's likelihood of irreparable harm is great and the nonmoving party's likelihood of irreparable harm is very low." *Yusuf,* 59 V.I. at 841. The principal factor that a moving party needs to show in order to successfully obtain a temporary restraining order is irreparable harm. "Irreparable harm is certain and imminent harm for which a monetary award does not adequately compensate." *Id.* at 854. "In contrast to legal remedies like money damages, irreparable harm is an equitable relief." *SBRMCOA, LLC v. Morehouse Real Estate Invs., LLC*, 62 V.I. 168 (V.I. Super. Ct. 2015). There is no evident irreparable harm here, and Plaintiff has not identified any. Any harm that exists is not imminent and certain because the issue of assets, real property, personal property, and relief is expressed in the Separation Agreement. According to the Separation Agreement under Section 21, "the parties agree that in the event it shall become necessary to enforce this agreement or any term hereof, the parties shall first attempt to resolve the issue between themselves. If necessary, they will mediate the issue with a qualified mediator to be mutually agreeable to each. In the event that the parties are unable to mediate the issue, either party shall thereafter be free to seek the enforcement of this Agreement in an applicable court of competent jurisdiction." Thus, if Ann

*Boshow Ann Kirkland v. John Kirkland et al*
Case No. ST-2023-CV-00254
Memorandum Opinion Denying Temporary Restraining Order- September 11, 2023
Page **9** of **11**

Cite as 2023 VI Super 56U

believes that the Separation Agreement is being violated, she should seek the proper remedy under the Separation Agreement and should seek relief as agreed to in the Separation Agreement. Therefore, Plaintiff does not face the threat of irreparable harm.

¶13.    Based on the information before the Court, Ann is not homeless or destitute, and no emergency exists that would require the extraordinary relief of a temporary restraining order. Instead, the evidence shows that Ann owns property in the Virgin Islands and Florida and has access to her personal belongings and vehicles that were removed from 4-10 Botany Bay. According to an August 4, 2023, email from John to Ann, her personal items were removed from the Property, placed in a locked storage container, and delivered to 4-11 Botany Bay, which Plaintiff reportedly owns. Ann's vehicles were also moved to 4-11 Botany Bay.  When Ann returned to the Virgin Islands on August 11, 2023, she had access to her personal property and vehicles as they were secured at 4-11 Botany Bay.  Even if the Court were to determine that Defendants resorted to self-help, Ann's remedy would be damages. *St. Thomas House v. Barrows*, 15 V.I. 435, 442, (V.I. Super. Ct. 1979)(where there has been a wrongful resort to self-help by a landlord against a tenant, the tenant is entitled to recover at least nominal damages against the wrongdoer for the entry, and compensatory damages for any loss); *S&C Corp. v. Hodge*, 25 V.I. 48, 56 (V.I. Super Ct. 1990)(holding that since money damages would provide an adequate remedy, it would be inappropriate to grant injunctive relief).  Granting injunctive relief would be misplaced since money damages would suffice.

*(3) Defendants will not Suffer Irreparable Harm if Injunctive Relief is Granted*

¶14.    As to the third factor, the balancing of harms between the parties, the Court looks at whether the nonmoving party will suffer irreparable harm if this injunction is issued and, if so, to

what extent. *SBRMCOA, LLC*, 62 V.I. at 188. In this instance, there likely will be little harm to Defendants if the Court temporarily allows Ann access to the property. Thus, the Court finds that this factor balances in favor of Plaintiff.

(4) *It is not in the Public's Interest to Grant a Temporary Restraining Order*

¶15.    Now, regarding public interest, the Court's role is to enforce the laws of the United States Virgin Islands over matters that are proper and in which it has jurisdiction. The public confidence in the judicial system to uphold contractual agreements shall not be eroded. Plaintiff presents the argument that without a temporary restraining order, she will be irreparably harmed because of her inability to maintain the status quo regarding access to the Property, which encompasses her personal property and her alleged right to use and enjoy the Property. However, the property is not owned by Ann. There is a clear path expressed in the Separation Agreement for settling disputes, and it is in the public interest to resolve those disputes in mediation before seeking relief from the judicial system. Also, there is an ongoing divorce proceeding where the issues raised in this matter can be addressed. Ownership and use of property acquired during the marriage will in all likelihood be addressed in Ann and John's divorce proceeding. Litigating the same issues in multiple forums is inefficient use of judicial resources, could lead to conflicting rulings and would unnecessarily further complicate a contentious divorce. Finally, the public interest does not favor the dispossession of property owners from their property in favor of non-property owners. Thus, the Court finds that the public interest factor weighs against the Plaintiff.

### D. Conclusion

¶16.     When the factors are considered together and weighed against each other, Plaintiff has

failed to justify the need for a temporary restraining order.  Accordingly, Plaintiff's Motion for

Temporary Restraining Order is Denied.


Dated:  <u>September 11, 2023</u>

**Carol Thomas-Jacobs**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor  9 / 13 / 2023